**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:24-cr-00231 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Reuben J. Sheperd |
| CHARIECE CHEW, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION AND ORDER**

A grand jury charged Defendants Chariece Chew and Kathryn Coe with engaging in the straw purchase of firearms and making false statements in the acquisition of firearms. (ECF No. 27.) Also, the grand jury charged Mr. Chew with two counts of being a felon in possession of firearms. Mr. Chew seeks a bill of particulars. For the following reasons, the Court **DENIES** Defendant's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 7, 2025, a grand jury returned a six-count superseding indictment charging Defendants Chariece Chew and Kathryn Coe with conspiring to commit certain gun offenses. (*Id.*) Specifically, Count 1 and Count 2 charge Mr. Chew and Ms. Coe with engaging in straw purchases for two pistols on February 22, 2024. (*Id.*, PageID #187–88.) Although these counts charge straw purchases, they allege that the two Defendants "knowingly conspire[d] in the purchase of" firearms (*id.*, PageID #187) and "aid[ed] and abett[ed] each other" in making false statements by representing on federal firearms transaction records that Ms. Coe was the actual

buyer of the firearms, which were actually for Mr. Chew. (*Id.*, PageID #188.) Count 4 and Count 5 charge that, on February 29, 2024, the two again made false statements to acquire firearms for Mr. Chew. (*Id.*, PageID #189–90.) Count 3 and Count 6 charge that Mr. Chew knowingly possessed the firearms that Ms. Coe purchased for him. (*Id.*, PageID #188–89 & #190–91.)

On January 29, 2025, Defendant Chariece Chew filed a motion for a bill of particulars. (ECF No. 33.) He asks the Court to order the United States to disclose particulars regarding all six counts in the superseding indictment. (*Id.*, PageID #212–13.) Specifically, regarding Count 1, which charges a straw purchase but uses the term "conspiracy," Defendant asks for the dates when the conspiracy between Mr. Chew and Ms. Coe was conceived, the participants in the conspiracy, and any acts Mr. Chew took in planning and carrying out the conspiracy. (*Id.*) Regarding the alleged false statements made in the acquisition of firearms, Defendant asks for the false and fictitious statements that Mr. Chew made and the prosecution's grounds for asserting that these statements were false. (*Id.*) Regarding Mr. Chew's alleged possession of the firearms that Ms. Coe purchased, Defendant asks for the moment in which Ms. Coe "ceded possession" of the firearms to Mr. Chew, how Mr. Chew possessed or exerted control over the firearms, the chain of custody of the firearms since they were purchased, and the current locations of the firearms. (*Id.*) On March 31, 2025, the Court held oral arguments on the motion.

## ANALYSIS

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Rule 7(f) provides that "the court may direct the government to file a bill of particulars." A bill of particulars provides a defendant with "key factual information not contained in the indictment, so as to enable him or her to prepare a defense and avoid surprise at trial." *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014) (citing *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)). Where the indictment "fails to inform the accused with sufficient particularity of the charges against which he will have to defend at trial," a bill of particulars provides an appropriate remedy. *United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972) (quoting *Cefalu v. United States*, 234 F.2d 522, 524 (10th Cir. 1956)). A bill of particulars serves three purposes: (1) "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial;" (2) "to avoid or minimize the danger of surprise at the time of trial;" and (3) "to enable [the defendant] to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).

"[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008). A bill of particulars "is not meant as a tool for the defense to obtain a detailed

3

disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375 (citations omitted). "[A] defendant is not entitled to discover all the overt acts that might be proven at trial," *id.*, "[n]or is a defendant entitled to a list of names . . . of the government's witnesses." *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993). "[A] bill of particulars is not intended as a means of learning the government's evidence and theories." *Musick*, 291 F. App'x at 724.

A motion for a bill of particulars is less compelling where a defendant has been provided with full access to discovery. *Page*, 575 F. App'x at 643 (citing *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005)). A defendant who does not argue that the discovery process was unmanageable or that they were unable to prepare a defense may be less entitled to a bill of particulars. *Id.* (citing *United States v. Tillotson*, 490 F. App'x 775, 777–78 (6th Cir. 2012)). "The decision to order a bill of particulars is within the sound discretion of the trial court." *Salisbury*, 983 F.2d at 1375.

**I.  Straw Purchases (Count 1 and Count 4)**

Defendant seeks particulars about the conspiracy referenced in Count 1 and Count 4, such as the identities of the co-conspirators, the dates in which Mr. Chew participated in the conspiracy, and the overt acts supporting it. (ECF No. 33, PageID #212–13.) Further, Defendant claimed at oral argument that the brief of the United States did not contain any information about how Mr. Chew and Ms. Coe allegedly planned the conspiracy. But Count 1 and Count 4 of the superseding indictment charge straw purchases, not conspiracy. (ECF No. 27, PageID #187 & #189.) Therefore, Mr. Chew need not be prepared to meet a conspiracy charge at trial. The

4

jury will not be instructed on conspiracy. And there are no particulars for the United States to disclose.

To the extent Defendant seeks this information strictly within the confines of the straw purchases charged in Count 1 and Count 4, the request fares no better. In *United States v. Conner*, No. 1:20-cr-39, 2020 WL 4676702, at *1 (N.D. Ohio Aug. 12, 2020), the defendant sought a bill of particulars for straw purchases. Like Mr. Chew, the defendant in *Conner* requested "the exact dates . . . where the alleged offenses were committed" and "the specific conduct" of the offenses. *Id.* The court determined that the indictment provided "sufficient detail to apprise [the defendant] of the charges against him" and that the defendant was "not entitled to a detailed statement informing him of the manner and means by which the Government intends to prove the charges alleged." *Id.* (citing *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004); *Salisbury*, 983 F.2d at 1375). Such is the case here. The superseding indictment identifies the participants in the transactions, their dates, and the specific firearms involved. This information provides Mr. Chew with adequate notice of the charges against him. *See Crayton*, 357 F.3d at 568.

II.     **False Statements (Count 2 and Count 5)**

Defendant requests that the United States state with particularity "the [alleged] false and fictitious statements made or caused to be made by Mr. Chew" and why the government believed that such statements were false are similarly misplaced. (ECF No. 33, PageID #212–13.) But the superseding indictment already makes this information clear. According to the superseding indictment, Mr. Chew has a prior felony conviction. (*See, e.g.*, ECF No. 27, PageID #187.) Therefore, he

5

could not lawfully purchase or possess a firearm under federal law. The superseding indictment charges that Ms. Coe represented that she was the purchaser of the firearms at issue when in fact she was not. (*Id.*, PageID #188 & #190.) It even identifies the specific ATF forms on which the false statements were allegedly made. (*Id.*) At oral argument, the United States confirmed that these representations on the forms are the false statements referred to in Count 2 and Count 5. On these charges, no bill of particulars is needed because the superseding indictment already provides sufficient facts to allow Mr. Chew to meet the charges against him or to plead a bar to later prosecution.

### III. Felon in Possession (Count 3 and Count 6)

Finally, Defendant requests that the United States state with particularity "the moment" that Ms. Coe allegedly ceded possession of the firearms to Mr. Chew, when he possessed or exerted control over the firearms, the chain of custody of the firearms since they were purchased, and the current location of the firearms. (ECF No. 33, PageID #212–13.) The superseding indictment charges that Ms. Coe purchased firearms for Mr. Chew on or about February 22, 2024 and on or about February 29, 2024 and that Mr. Chew possessed these firearms on or about the same days. (ECF No. 27, PageID #188–89 & #190–91.) These charges provide the information Mr. Chew seeks. They allege the dates on which he took possession of the firearms at issue and from whom he obtained them.

For this reason, a case like *United States v. Sanders*, 462 F.2d 122, 123 (6th Cir. 1972), which ordered a bill of particulars in part "to state with more particularity the date on which the alleged possession occurred," has no application here and does

not support Defendant's motion. In *United States v. Mayhew*, 337 F. Supp. 2d 1048, 1063 (S.D. Ohio 2004), the court granted a motion for a bill of particulars on the ground that the indictment did not identify the specific model of certain weapons it charged that the defendant possessed. That level of detail was necessary due to concern for a second prosecution. *Id.* at 1063–64. But the superseding indictment contains that information too. (ECF No. 27, PageID #188–89 & #190–91.) Further, the United States represented at oral argument that Ms. Coe provided a statement that Mr. Chew came into possession of the firearms after she allegedly procured them for him.

## IV. Discovery

For its part, the United States argues for denial of Defendant's motion on the ground that it provided him with full discovery, including "all reports from the ATF related to this case, phone records, location data, video surveillance, records from the firearm dealers, records from Greyhound, and all witness interviews." (ECF No. 39, PageID #269.) "Extensive discovery" weakens a defendant's case for a bill of particulars. *United States v. Piccolo*, 723 F.2d 1234, 1240 (6th Cir. 1983) (determining that a bill of particulars was properly denied because the defendant "had received, through extensive discovery, all of the information within the possession of the government except the identity and grand jury testimony of a single co-conspirator witness"); *see also Page*, 575 F. App'x at 643 (citing *Urban*, 404 F.3d at 772) (determining that full access to discovery weakens a motion for a bill of particulars). "If there has been full disclosure by the Government . . . the need for a bill of particulars is obviated." *United States v. Martin*, 822 F.2d 1089, 1987 U.S.

7

App. LEXIS 9444, at *3 (6th Cir. 1987) (per curiam) (unpublished) (citing *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)).

At oral argument, Defendant conceded that the United States produced discovery, though certain cellphone extractions remained to be turned over. (Minutes, March 31, 2025.) Defendant claims that he is not asking "the government to reveal its list of witnesses nor all of the evidence upon which its case is based," but "merely attempting to adequately prepare for the defense of his case" and "avoid prejudicial surprise." (ECF No. 33, PageID #214.) To the extent the superseding indictment fails to provide Mr. Chew with the information that is the subject of his motion, the discovery provided to him does. It allows him to prepare the defense of his case and obviates the need for a bill of particulars in this case. It provides more information than a bill of particulars would. Further, to the extent that there were any questions or clarifications regarding ambiguities from the face of the superseding indictment, the representations of the United States at oral argument provided additional clarification.

## CONCLUSION

For all these reasons, the Court determines that the charges described in the superseding indictment, in addition to the discovery that the United States has provided, allow Mr. Chew "to prepare a defense and avoid surprise at trial." *Page*, 575 F. App'x at 643 (citing *Salisbury*, 983 F.2d at 1375). Therefore, the Court **DENIES** Defendant's motion for a bill of particulars.

**SO ORDERED.**

Dated: April 8, 2025

                                                J. Philip Calabrese
                                                United States District Judge
                                                Northern District of Ohio