# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:24-cr-00231-1 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Reuben J. Sheperd |
| CHARIECE CHEW, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

The Final Pretrial and Trial Order set June 13, 2025 as the deadline for expert disclosures.  (ECF No. 45, PageID #290.)  Nearly a month after that deadline, the United States filed its notice of intent to introduce the expert testimony of Robert Little on July 7, 2025.  (ECF No. 49.)  Defendant Chariece Chew then moved to exclude Little's testimony as untimely.  (ECF No. 50.)

## EXPERT DISCLOSURE OBLIGATIONS

Pursuant to Rule 16(a)(1)(G)(v), "[t]he witness must approve and sign the disclosure, unless the government":  (1) "states in the disclosure why it could not obtain the witness's signature through reasonable efforts" or (2) "has previously provided under (F) a report, signed by the witness, that contains all the opinions and the bases and reasons for them required by (iii)."  Also, Rule 16(a)(1)(G)(iii) requires the disclosure of "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition."  A review of the record shows that the witness has not signed the disclosure, and the United States has not

satisfied either of these exceptions. Nor did the disclosure identify the cases in the last four years in which Little previously testified. However, about a week after the United States filed the disclosure, it filed a supplement that provided the case names and numbers, subjects, and dates of previous testimony Little provided. (ECF No. 52.) If a party fails to comply with Rule 16, the court may:

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
>
> (B) grant a continuance;
>
> (C) prohibit that party from introducing the undisclosed evidence; or
>
> (D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2).

Effective December 1, 2022, an amendment to Rule 16 took effect, bringing the expert disclosure obligations for criminal cases more closely in line with the current practice in civil cases under Rule 26(a)(2). *See* Fed. R. Crim. P. 16 advisory committee's note to 2022 amendment; *see also United States v. Wahib*, 636 F. Supp. 3d 816, 837 (N.D. Ohio 2022). This amendment largely, but not entirely, imports the best practices from civil practice for expert disclosures to criminal cases. One important aspect of expert practice in civil cases *not* included in the amendment to Rule 16 is the self-executing sanction of exclusion for failure to make a required disclosure. Fed. R. Civ. P. 37(c). Instead, Rule 16(d)(2) gives the court discretion to fashion an appropriate remedy under the circumstances. *See United States v. Spivak*, No. 1:21-cr-00491, 2024 WL 3755556, at *2 (N.D. Ohio Aug. 12, 2024). Indeed, unlike civil practice under Rule 26(a)(2) and Rule 37(c), Rule 16 lists the consequences for a

failure to make an expert disclosure in the order of priority in which they should be used to facilitate a trial and resolution of a case on its merits. In other words, Rule 16(d)(2) identifies a list of available remedies beginning with making the disclosure at issue through exclusion to more serious sanctions.

## ANALYSIS

Here, the United States made a late disclosure of the expert testimony of Robert Little. Although the expert's report remains unsigned, there is no reason to believe that the witness will not stand behind the report or that its conclusions and opinions are not his. Therefore, on this record, the Court cannot say that this deficiency warrants one of the remedies provided under Rule 16.

With respect to the timeliness of the disclosure, the record in this case does not present a risk of unfair surprise, and the belated expert report does not introduce new facts or evidence previously unknown to Defendant. In discovery, the United States provided the underlying information and data supporting the report in September 2024. Therefore, Defendant has known since then to identify his own expert, whether to consult in understanding the information and data produced or to testify at trial. Further, based on discussion with counsel at the final pretrial conference, Mr. Chew did not express a desire to continue the trial date, scheduled to begin on August 11, 2025. At bottom, Little's disclosure came a month before trial and the conclusions and opinions it expresses have long been an important part of this case. Further, disclosure of his prior testimony came sufficiently in advance of trial to allow defense counsel effectively to meet that testimony. Therefore, the Court

finds that the record does not support a more serious remedy under Rule 16 such as exclusion of the evidence.

## CONCLUSION

For all these reasons, the Court **DENIES** Defendant's motion to exclude the late expert report of Robert Little. (ECF No. 50.)

**SO ORDERED.**

Dated: July 28, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio